LUCAS J. GAFFNEY, ESQ.
Nevada Bar No. 12373
GAFFNEY LAW
1050 Indigo Drive, Suite 120
Las Vegas, Nevada 89145
Telephone: (702) 742-2055
Facsimile: (702) 920-8838
Lucas@gaffneylawlv.com
*Attorney for Charlene Scott*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO: 2:15-cr-174-KJD-PAL |
| Plaintiff, | CASE NO: 2:15-cr-193-JAD-PAL |
| vs. | **STIPULATION TO CONTINUE SELF-SURRENDER DATE.** |
| CHARLENE SCOTT, | |
| Defendant. | |

The United States of America, by and through Nicholas Trutanich, United States Attorney, and Daniel J. Cowhig, Assistant United States Attorney, and defendant CHARLENE SCOTT, by and through her counsel Lucas Gaffney, Esq., STIPULATE AND AGREE to request this Honorable Court issue an order extending CHARLENE SCOTT'S self-surrender date to the Bureau of Prisons, which is currently set for December 9, 2019.

DATED this 19th Day of November 2019.                Respectfully submitted,

*/s/ Lucas Gaffney*
LUCAS J. GAFFNEY, ESQ.
Nevada Bar No. 12373
1050 Indigo Drive, Suite 120
Las Vegas, NV 89145
*Attorney for Charlene Scott*

1

A. **PROCEDURAL CONTEXT AND FACTUAL BACKGROUND**

On February 22, 2018, the defendant, Charlene Scott ("Charlene") pleaded guilty to two (2) counts of Conspiracy to Commit Mail Fraud and Wire Fraud; six (6) counts of Wire Fraud; and three (3) counts of Mail Fraud. [ECF Nos. 217, 220].

On September 5, 2018, this Court sentenced Charlene to serve forty-six (46) months of incarceration in the Bureau of Prisons ("BOP"). [ECF Nos. 257, 265]. The Court also ordered Charlene to self-surrender to the BOP on December, 7, 2018.

On November 15, 2018, Charlene filed an Unopposed Motion to Continue Self Surrender Date [ECF No. 268]. In the Motion, Charlene indicated she had an epidural injection on December 31, 2018, and a follow-up appointment on January 17, 2019. On December 3, 2018, this Court granted Charlene's request and continued her self-surrender date to January 20, 2019.

On January 8, 2019, Charlene filed her Second Unopposed Motion to Continue Self Surrender Date [ECF No. 271]. In the Motion, Charlene indicated that she was still in extreme pain despite the epidural injection, and that she believed her physician would recommend additional procedures to alleviate the pain cause by her chronic back issues during a visit scheduled for January 17, 2019.

Additionally, Charlene's husband, Terry, had learned that his cancer had progressed to the point that his right kidney needed to be surgically removed. Due to Terry's age and poor health, there was a high probability that the surgery could result in significant complications or even death. The surgery to remove Terry's right kidney was initially scheduled for February 5, 2019. On January 16, 2019, this Court granted Charlene's Second Unopposed Motion, and continued her self-surrender date to March 5, 2019 [ECF No. 273].

On February 27, 2019, Charlene filed her Third Unopposed Motion to Continue Self Surrender Date [ECF No. 276]. In the Motion, Charlene indicated that on February 5, 2019, Terry's surgeon, Dr. Nicholas Vogelzang (Vogelzang), discovered that Terry's right kidney was in such poor condition that he did not possess the surgical skills needed to successfully remove it. Instead, Dr. Vogelzang referred Terry to a specialist, Dr. Inderbir Gill (Gill), at the University of Southern California Department of Urology (USC). Dr. Gill scheduled Terry's surgery for February 28, 2019. However, during a pre-surgery assessment on February 25, 2019, Dr. Gill discovered that Terry had an excessive amount of blood in his right kidney, which caused him to defer the surgery for one (1) to two (2) months to allow the condition to resolve itself. Dr. Gill scheduled Terry's next appointment for April 15, 2019.

On April 15, 2019, Dr. Gill postponed Terry's surgery for an additional two (2) months due scarring and inflammation on Terry's kidney. On May 20, 2019, Charlene filed her Fourth request to continue her self-surrender date [ECF No. 284]. On May 21, 2019, this Court granted Charlene's request and continued her self-surrender date to August 5, 2019.

On June 19, 2019, Terry underwent a follow-up evaluation and Dr. Gill determined that Terry's kidney was still too inflamed to be removed.[1] Dr. Gill rescheduled Terry's surgery for October 14, 2019. Accordingly, On July 16, 2019, Charlene filed her Fifth request to continue her self-surrender date [ECF No. 68 (case 2:15-cr-193)]. On July 18, 2019, this Court granted the parties' stipulation and continued Charlene's self-surrender date to December 9, 2019. [ECF No. 73 (case 2:15-cr-193)].

---

[1] Counsel will provide documentation to the Court under seal to support the assertions regarding the result of Terry's surgery on October 14, 2019. The documents have not been attached as exhibits to this Stipulation due to Terry's privacy interest in the documentation, and because there is not a strong public interest in making them available to the public. The documentation has been provided to the U.S. Attorney's Office.

On October 14, 2019, Dr. Gill successfully removed Terry's kidney. However, during Terry's recovery in the hospital, Charlene noticed he was having difficulty with his speech and mobility. Charlene informed Terry's doctors and nurses of her concerns. Initially, the doctors and nurses believed that Terry was merely having a difficult recovery from his kidney surgery. However, after further complaints from Charlene, Terry's doctors ran additional tests and discovered Terry had an acute stroke. Presently, Terry is back in Las Vegas in recovery. However, over the next two months it is crucial that Charlene provide 24-hour care, and monitoring, of Terry.

B. **POINTS AND AUTHORITIES**

This Court has the inherent authority to extend Charlene's self-surrender date to the Bureau of Prisons under 18 U.S.C. § 3143(a), which reads in pertinent part:

> **(a) Release or detention pending sentence.--(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, **unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).**

Thus, pursuant to 18 U.S.C. §3143(a), this Court has the authority to permit Charlene to voluntarily report to prison if it is determined by "clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community." Charlene submits that 18 U.S.C. §3143(a) gives this Court the inherent authority to continue her self-surrender date as long as she is not a danger to the community or a flight risk. As this Court knows, Charlene has been completely compliant with all of the conditions of pretrial release since

July of 2015—and as the Court previously has determined in allowing her to remain at liberty, ever after her conviction and sentencing— she is neither a danger to the community nor a flight risk.

Additionally, 18 U.S.C. §3145(c) allows a person subject to detention to be ordered released if it is clearly shown why there are exceptional reasons why the person's detention would not be appropriate. Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary. *United States v. DiSomma,* 951 F.2d 494, 497 (2d Cir.1991). Charlene submits that the risk of post-surgery complication or death created by Terry's kidney surgery constitutes an exceptional circumstance that is out of the ordinary.

Here, because Charlene meets the requirements under 18 U.S.C. §3143(a) and 18 U.S.C. §3145(c), and she remains in compliance with the current conditions of her release, the parties respectfully request this Court issue an Order continuing her self-surrender date for sixty (60) days. This continuance will allow Charlene to provide Terry with the 24-hour care he desperately needs, and to monitor him for signs of another stroke. The continuance also accounts for Dr. Gill's belief that Terry will require at least 90-days of post-operative care.

Counsel for Charlene has spoken to Assistant United States Attorney Daniel Cowhig, and he has no objection to continuing Charlene's self-surrender date for sixty days (60) days.

///

///

///

///

///

Based on the foregoing, the parties respectfully request that this Honorable Court continue Charlene's self-surrender date for sixty (60) days.

IT IS ORDERED self surrender date is now Friday, February 21, 2020 by noon.

DATED this 19th Day of November 2019.   Respectfully submitted,

*/s/ Lucas Gaffney*
LUCAS J. GAFFNEY, ESQ.
1050 Indigo Drive, Suite 120
Las Vegas, NV 89145
*Counsel for Charlene Scott*

*/s/ Daniel Cowhig*
DANIEL COWHIG
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, NV 89101
*Counsel for United States*

Dated: November 21, 2019

UNITED STATES DISTRICT JUDGE
KENT J. DAWSON