JASON M. FRIERSON
United States Attorney
Nevada Bar Number 7709
KIMBERLY M. FRAYN
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336/Fax: (702) 388-6418
Kimberly.Frayn@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLENE SCOTT,<br><br>　　　　　Defendant. | Case No. 2:15-cr-00193-KJD-PAL<br><br>**Stipulation To Continue Government's Deadline To File A Response To Defendant's Motion and Motion Supplement for Compassionate Release**<br>(ECF 95 and 98)<br><br>(Second Request) |

　　　　IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, and Kimberly M. Frayn, Assistant United States Attorney, counsel for the United States of America, and Heidi Ojeda, Assistant Federal Public Defender, that the government's time to respond to the defendant's Motion and Motion Supplement for Compassionate Release (ECF 95 and 98) shall be extended to and including June 21, 2024, for the following reasons:

1. In January 2024, defendant filed a *pro se* motion for compassionate release. ECF 461. In it, Charlene Scott ("Scott" or "defendant") raised several reasons she believed early release from custody was warranted. On May 7, 2024, the defense counsel filed a supplement to the motion, along with an exhibit containing Scott's husband's medical records. ECF 95, and 98.

2. The defendant's husband's medical issues are alleged to be extensive, and the government needs additional time to review and understand the medical records provided by the defendant in support of her motion.

3. Additionally, as defendant's motion states, there are approximately six years of pleadings and procedural history to review, all of which is directly relevant to the basis underlying the defendant's motion for compassionate relief.

4. Accordingly, more time is needed for the government to review the pleadings and other relevant records, conduct any necessary follow up investigation, and to research and draft an appropriate response.

5. The defendant is in BOP custody and does not object to the government's request. The parties agree to the extension of time.

6. This is the government's second request to extend the filing deadline to file a responsive pleading to relating to the defendant's compassionate release request. The parties have agreed that the government shall have up to and including June 21, 2024, in

2

which to file its response. The additional time requested herein is not sought for purposes of delay, but merely to allow the government sufficient time to file its response.

DATED this 7th day of June, 2024.

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | JASON M. FRIERSON<br>United States Attorney |
|     */s/ Heidi Ojeda*<br>By_____<br>HEIDI OJEDA<br>Assistant Federal Public Defender |     */s/ Kimberly M. Frayn*<br>By_____<br>KIMBERLY M. FRAYN<br>Assistant United States Attorney |

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>CHARLENE SCOTT,<br><br>        Defendant. | Case No. 2:15-cr-00193-KJD-PAL<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER** |

**FINDINGS OF FACT**

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. In January 2024, defendant filed a *pro se* motion for compassionate release. ECF 461. In it, Charlene Scott ("Scott" or "defendant") raised several reasons she believed early release from custody was warranted. On May 7, 2024, the defense counsel filed a supplement to the motion, along with an exhibit containing Scott's husband's medical records. ECF 95, and 98.

2. The defendant's husband's medical issues are alleged to be extensive, and the government needs additional time to review and understand the medical records provided by the defendant in support of her motion.

3. Additionally, as defendant's motion states, there are approximately six years of pleadings and procedural history to review, all of which is directly relevant to the basis underlying the defendant's motion for compassionate relief.

4. Accordingly, more time is needed for the government to review the pleadings and other relevant records, conduct any necessary follow up investigation, and to research and draft an appropriate response.

5. The defendant is in BOP custody and does not object to the government's request. The parties agree to the extension of time.

6. This is the government's second request to extend the filing deadline to file a responsive pleading to relating to the defendant's compassionate release request. The parties have agreed that the government shall have up to and including June 21, 2024, in which to file its response. The additional time requested herein is not sought for purposes of delay, but merely to allow the government sufficient time to file its response.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the government shall have up to and including June 21, 2024 in which to file its response to the Defendant's motion and motion supplement for compassionate release (ECF 95, and 98).

DATED this __10th__ day of June, 2024.

_____
HONORABLE KENT J. DAWSON
United States District Judge

5